STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-1068

CLYDE SNIDER, JR. ET UX

VERSUS

LOUISIANA MEDICAL MUTUAL INSURANCE
COMPANY, ET AL.

**********
APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, DOCKET NO. 2010-1220
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

OPINION ON REMAND

**********

PER CURIAM

**********

Court composed of Sylvia R. Cooks, Billy H. Ezell and D. Kent Savoie, Judges.

AFFIRMED.

Broussard, Halcomb & Vizzier
Daniel E. Broussard, Jr.
P.O. Box 1311
Alexandria, LA 71309-1311
(318) 487-4589
**ATTORNEY FOR PLAINTIFFS/APPELLANTS**
Clyde Snider, Jr. Et Ux

Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.
Benjamin J. Guilbeau, Jr.
Megan L. Callahan
Marcelynn Hartman

P.O. Box 2900
Lake Charles, LA  70602
(337) 436-9491
**ATTORNEYS FOR DEFENDANTS/APPELLEES**
Louisiana Medical Mutual Insurance Comp., Et Al.

**PER CURIAM**

This case has been twice remanded to this court by the Louisiana State Supreme Court. In the first remand, the supreme court reversed this court's finding regarding consent to the surgical procedure based on legal error. *Clyde Snider, Jr. Et Ux. v. Louisiana Medical Mutual Insurance Company, Et al.*, 13-579, (La. 12/10/13), 130 So.3d 922. The supreme court instructed us on remand to reconsider that issue applying the manifest error standard of review declaring that "compliance with the requirement of informed consent was alternatively attainable under Subsection (A) or (C) [of LSA-R.S. 40:1299.40]." *Id*. at 939. In accordance with the supreme court's instruction we reviewed the matter applying the manifest error standard of review and found the jury erred in failing to find Defendant malpracticed because Dr. Yue's actions fell below the standard of care and such resulted in injury to Clyde Snider. The supreme court reversed, finding the jury did not manifestly err in finding Dr. Yue's actions did not fall below the standard of care. *Clyde Snider, Jr. Et. Ux v. Louisiana Mutual Insurance Company, Et al*., 14-1964 (La. 5/5/15), 169 So.3d 319. Although the record is complete, and despite lengthy discussion of the case by the supreme court, the high court has again remanded the matter to this court for a determination of the remaining issues.

The only issue remaining is Plaintiffs' assertion that Defendant failed to obtain informed consent because he failed to disclose his financial arrangement with Beauregard Memorial Hospital. The supreme court has already determined there was informed consent, and Plaintiffs cite no authority for their proposition to the contrary based on non-disclosure of Dr. Yue's financial incentive. We can find no authority for Plaintiffs' proposition. Although not addressed directly by this court or the supreme court, the assertion that consent could be invalidated by

2

Defendant's failure to disclose his financial arrangement with the hospital appears to have been rejected by the supreme court in its essentially finding there was valid consent. Plaintiffs also assert Defendants' cross examination of Plaintiffs' experts and remarks made in closing argument "appealed to the locality bias of the jury" thus somehow tainting the jury verdict. Again Plaintiffs fail to cite any persuasive authority for this assertion and we have found none. Consequently, giving due deference to the supreme court's holdings in this case and their discussions therein, we must affirm the trial court's ruling. All costs of this appeal are assessed against Plaintiffs.

**AFFIRMED.**